■ CHARLES BADIGIAN, Individually and on Behalf of LIBERTY PHOTO ENGRAVING CORP. and Another, Appellant, v. JAMES BADIGAN, Respondent.— Order entered November 28, 1967 vacating warrant of attachment reversed, on the law and the facts, and the attachment reinstated, with $30 costs and disbursements to abide the event.  This is a derivative action grounded, in part, on the agreement of stockholders, including defendant-respondent, not to compete with the corporate plaintiffs as employee or otherwise.  The stockholders' agreement further obliged defendant-respondent to offer his stock to the remaining shareholders consequent on his discontinuance of employment.  The tender price of the stock was submitted to arbitration.  An award made August 4, 1967 was duly confirmed.  On August 25, 1967 respondent resigned as employee.  His letter of resignation states in part:  "I understand that my brother George is contesting the arbitration award.  As soon as the courts make a final disposition of the award, I will then tender my stock to that person or those persons who are entitled to purchase the same as determined by the courts."  Defendant-respondent has not tendered or disposed of his stock.  He is a stock-

holder and obliged not to compete with the plaintiff corporations. Defendant-respondent admits he is in the employ of a competitor; that he has obtained business from eight former customers of the corporate plaintiffs in the approximate sum of $15,000. He disputes the margin of profit, which he contends is 12% before taxes. Plaintiffs allege defendant-respondent has solicited and procured business from 14 of their customers aggregating $182,895.79 and they were deprived of gross profits of $36,579.15. Plaintiffs set forth the names of the customers and the amounts shown in their records. Defendant-respondent admits obtaining business from eight of the customers but omits to identify them and submits no breakdown of the business with each. Defendant-respondent concededly is a nonresident. The action is for a money judgment and plaintiffs' showing is to the effect that they may be entitled to the amount demanded. In the circumstances, defendant-respondent being a nonresident, the attachment should be reinstated. (CPLR 6201, subd. 1.) Suggestions as to the amount of the bond will be entertained on the settlement of the order. Concur — Botein, P. J., Tilzer, McNally and Bastow, JJ.; Stevens, J., dissents and votes to affirm. Settle order on notice.